**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WARREN COBURN, on behalf of himself
and those similarly situated,**

       **Plaintiffs,**

**-vs-**               **Case No. 6:08-cv-1627-Orl-28DAB**

**ED'S SPAS, SOLAR & POOLS, INC.,
EDWARD IANNARELLI,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION: JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 19)**
>
> **FILED: February 5, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on March 11, 2009 with counsel for Plaintiff present and counsel for Defendant appearing by phone.

Based on Plaintiff's Responses to Court Interrogatories (Doc. No. 14-2), Plaintiff was employed by Defendants as a service technician, building pools. The amount of overtime to which Plaintiff was entitled was disputed by both sides, with Plaintiff originally seeking $4,320 in overtime wages and $4,320 in liquidated damages based on approximately 1.5 hours per week automatically deducted for lunches, which he only took occasionally, at $24 per hour (overtime rate) for 120 weeks. Plaintiff's counsel represented at the hearing that, once the time sheets were received, they showed some weeks Plaintiff had not worked 40 hours, thus he was not entitled to the overtime rate. Based on a blended rate of $20 per unpaid hour, and applying the hours on the time records, counsel recalculated Plaintiff's damages to be $3,600. There was also a significant issue whether "enterprise coverage" would apply to Defendant's operation or whether it was not liable under the FLSA.

Finally, Plaintiff accepted a $2,000 settlement offer when Defendant's business operations had ceased; this represents approximately 55% of the amount Plaintiff believed he was owed based on the time records ($3,600).

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,000 in attorney's fees and costs; counsel incurred allowable costs of $510. In support of the remaining $1,490 attributable to attorney's fees, counsel states that his paralegal has accrued 5.0 hours at $95 and that he has accrued 8.5 hours. Doc. No. 25-2. At the hourly rate of $175 previously awarded to Mr. Morgan by this Court[1], along with the 5 hours spent by the paralegal at $95/hour, plus costs of $510, fees and costs totaled $1,962.50; thus, counsel has also made a significant compromise to his claim for fees from an allowable lodestar.

The settlement to Plaintiff of $2,000 in unpaid wages and liquidated damages represents a fair and reasonable settlement of Plaintiff's claims. It is **RECOMMENDED** that the settlement of $2,000 for wages and liquidated damages and $2,000 in attorney's fees and costs be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. No part of the Plaintiff's recovery may be re-allocated to augment the fee award.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] *Shannon v. Saab Training USA, LLC*, Case No. 6:08-cv-803-Orl-19DAB. The previous cases cited by Mr. Morgan as this Court's "approval" or acceptance of his hourly billing rate of $300 did not scrutinize his rate and were decided prior to the Eleventh Circuit's application of the *Lynn's Food Storess* decision as stated in *Silva v. Miller*, Case No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009) (unpublished).

Recommended in Orlando, Florida on March 13, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy